**Opinion issued August 29, 2025**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-25-00455-CV**

———————————

## IN RE CYBERLUX CORPORATION AND MARK D. SCHMIDT, Relators

———————————

### Original Proceeding on Petition for Writ of Mandamus

———————————

## MEMORANDUM OPINION

Relators, Cyberlux Corporation and Mark D. Schmidt, have filed a petition for writ of mandamus, requesting that we order (1) the trial court judge to vacate his May 22, 2025 Order Appointing Receiver, and (2) the auxiliary judge to vacate her June 12, 2025 denial of their Motion to Stay or Otherwise Suspend Order Appointing Receiver.[1]

---

[1] The underlying case is, *Atlantic Wave Holding, LLC and Secure Community, LLC v. Cyberlux Corporation and Mark D. Schmidt*, cause number 2024-48085,

In issues one through six, relators contend that trial court judge abused his discretion by entering the May 22, 2025 order, in which he appointed a receiver. In issue seven, relators contend that the auxiliary judge abused her discretion by denying their Motion to Stay or Otherwise Suspend the May 22 order. Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal. *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023).

Regarding issues one through six, we note that on June 18, 2025, relators filed an appeal from the trial court's May 22 order. The law provides for appeals regarding turnover orders. *See, e.g.*, *In re Gulley-Hurst L.L.C.*, 684 S.W.3d 442 (Tex. 2024) (per curiam). Because relators have an adequate remedy by appeal, we deny mandamus relief on issues one through six.

Regarding issue seven, relators contend that the auxiliary judge abused her discretion in denying their Motion to Stay or Otherwise Suspend the May 22 order signed by the sitting trial judge. We note that, at the hearing on the motion, the auxiliary judge stated:

> So there's nothing that I need to do to change the status quo in this moment that can't wait until Judge Gomez can come back and reconsider his own order. I am not in this emergency circumstance, going to reverse Judge Gomez's order without him having the

---

pending in the 129th District Court of County, the Honorable Michael Gomez presiding and the Honorable Latosha Lewis Payne sitting as auxiliary judge.

opportunity to consider it. And I don't determine that today is so emergent that that order needs to be reversed today.

So I am going to deny the stay and then the motion to terminate the receiver will need to be—Mr. Berleth (the receiver), if you can contact the 129th and get that set for hearing so that it's before Judge Gomez when he returns.

We agree with the auxiliary judge that, under these circumstances, the trial court judge, who entered the challenged order and continues to preside over this case, should be given the opportunity to consider and interpret his own ruling, as well as any issues subsequently arising from that ruling. Thus, granting mandamus relief at this juncture would be premature. *See In re Toups Law Firm*, No. 10-10-00226-CV, 2010 WL 3911420, at *1-2 (Tex. App.—Waco Oct. 6, 2010, orig. proceeding) (holding mandamus premature until judge presiding over case had been given opportunity to address issues raised in mandamus proceeding).

According, we deny mandamus relief. *See* TEX. R. APP. P. 52.8(a). We lift the stay we previously issued and deny any pending motions.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Johnson and Caughey.